# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **MONOCOQUE DIVERSIFIED INTERESTS, LLC, 80C2 PARTNERS LLC, and DAVID COREY,** | § | No. 1:21–CV–708–DAE |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | |
| | § | |
| **TVPX AIRCRAFT SOLUTIONS, INC., as Owner Trustee of the TVPX 2019 MSN 29791 BUSINESS TRUST, TBN AVIATION A.V.V., and CAROLINA CORPORATE JETS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Recommendation") filed by Magistrate Judge Mark Lane.  (Dkt. # 91.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation.

1

BACKGROUND

Plaintiffs Monocoque Diversified Interests, LLC ("MDI") and 80C2 PARTNERS LLC ("Plaintiffs") filed this complaint against TVPX Aircraft Solutions, Inc as Owner Trustee of the TVPX 2019 MSN Business Trust ("TVPX"), TBN Aviation A.V.V ("TBN"), and Carolina Corporate Jets, Inc. ("CCJ" and, collectively with TVPX and TBN, "Defendants").  Plaintiffs are seeking repayment of moneys advanced for repairs and specific performance of the sale contract for [an] aircraft.  (Dkt. # 1 at ¶9.)  Plaintiff Intervenor David Corey ("Plaintiff Intervenor") now seeks repayment of money advanced for repairs.  (See Dkts. ## 42 at ¶17; 80 at ¶8; 81 at ¶7.)

Judge Lane issued a Report and Recommendation.  (Dkt. # 91.)  None of the parties filed objections.

APPLICABLE LAW

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report.  The Court finds that Magistrate Judge Lane's default judgement analysis is reasonable and absent of clear error.

2

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court.  See FED. R. CIV. P. 55(b)(2).  In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's Office; and (3) entry of a default judgment by the district court.  Fed. R. Civ. Pro. 55(a)–(b); New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).  Additionally, to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service.  50 U.S.C. § 3931; Bank of New York Mellon Tr. Co., N.A. v. Hancock, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020).  Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages.  See Jackson v. FIE Corp., 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations."  Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).  Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).  Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered."  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.

1975) (explaining default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover).  A court must accept pleaded facts as true but must also determine whether those facts state a claim upon which relief may be granted.  See Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment.  The court first considers whether the entry of default judgment is procedurally warranted.  United States v. Rod Riordan Inc., No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); Nasufi v. King Cable Inc., No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998)).  The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." United States v. Padron, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); see Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment.  J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing Nishimatsu, 515 F.2d at 1206).  In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint.  See Rod Riordan Inc., 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive.  Id.  While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary.  Id. (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993)).

I.    Analysis

Defendant TBN is an Aruba corporation and Defendant TVPX Aircraft Solutions, Inc. is a Utah corporation.  (Dkt. # 1 at ¶ 4.)  Therefore, neither Defendant is a minor, incompetent person, or in military service.  The Clerk of Court has entered default against Defendants.  (Dkts. ## 13, 54.)

Judge Lane has established through the six factors set out by the Fifth Circuit that Default Judgment is procedurally warranted.  (Dkt. # 91 at 4.)  First,

5

Defendants failed to file proper Answers after they were ordered to do so. Second, Defendants' failure to respond or appear threatens to cause substantial prejudice because it threatens to bring the adversarial process to a halt, effectively prejudicing the Plaintiff Intervenor's interests. Third, the grounds for default judgment are clearly established because Defendants have failed to answer or defend.  Fourth, there is no indication that default was caused by a good faith mistake or excusable neglect.  Defendants have simply chosen not to participate in this litigation.  Fifth, default judgement would not be harsh in this situation because the judgment would be for nothing more than Defendants owe under the law.  Sixth, given the circumstances, this court has no reason to set aside any default judgment it may enter.  In sum, default judgment is procedurally proper.

There is no dispute that Plaintiff Intervenor's claims are meritorious, and there is sufficient basis in the pleadings for judgment.  (Id.)  Defendants, Plaintiffs, and Plaintiff Intervenor were parties to a contract and each responsible for approximately half of more than $1 million in vendor payments related to the aircraft pursuant to the contract. (Id.)

Here, Plaintiff Intervenor seeks relief for *his* half of the contract after U.S. District Judge Lee Yeakel granted Plaintiffs Monocoque Diversified Interests, LLC and 80C2 Partner's, LLC relief for their half of the contract with Defendants. (Dkt. # 91 at 5.)  Plaintiff Intervenor is entitled to relief for the same reasons Judge

6

Yeakel asserted for Plaintiffs.  (Id.)  Plaintiff Intervenor is entitled to an award of

$575,729.91, post-judgment interest as permitted by 28 U.S.C. § 1961, and

reasonable expenses under Federal Rule of Civil Procedure 4(d)(2)(B).

Because Plaintiff Intervenor has brought a meritorious claim and Fifth

circuit factors outlining default judgment have been met, the Court determines that

Judge Lane's conclusions and recommendations are neither clearly erroneous nor

contrary to law.  (Dkt # 91 at 4.)  As Judge Lane has properly concluded, Default

Judgement is appropriate for Plaintiff Intervenor.  The Court therefore adopts

Judge Lane's recommendation and **GRANTS** Plaintiff Intervenors' Motion for

Default Judgement.  (Id.)

## CONCLUSION

For the reasons given, the Court **ADOPTS** Magistrate Judge Mark

Lane's Report and Recommendation (Dkt. # 91) and **GRANTS** Plaintiff

Intervenor's Motions for Default Judgement.  (Dkts. ## 80, 81.)

**THE CLERK IS INSTRUCTED TO CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED:**  August 15, 2024.

_____

David Alan Ezra
Senior United States District Judge

7